UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GARY M. TIBONI, et al.,** | ) | **CASE NO. 1:05CV2539** |
| | ) | |
| Plaintiffs, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **OHIO BULK TRANSFER CO.,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the parties' Cross-Motions for Summary Judgment (ECF DKT #11 and ECF DKT #12). For the reasons that follow, the Motion for Summary Judgment of Defendant Ohio Bulk Transfer Co. (ECF DKT #11) is granted; Plaintiffs' Motion for Summary Judgment (ECF DKT #12) is denied; and Plaintiffs' claims to (1) audit any of Defendant's records through June 2003; (2) collect any unpaid contributions by Defendant through June 2003; and (3) collect any inaccurately paid contributions by Defendant through June 2003 are therefore barred by the doctrine of *res judicata*.

**I. FACTUAL BACKGROUND**

Plaintiff-Trustees ("Plaintiffs") are fiduciaries of two multi-employer benefit trust funds

– the Excavating, Building Material and Construction Drivers Union Local No. 436 Welfare Fund ("Welfare Fund") and the Building Material Drivers Union Local No. 436 Pension Fund ("Pension Fund") – governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.  The Ohio Bulk Transfer Co. ("Ohio Bulk") is an employer under the laws of the State of Ohio; and Local 436 is, and was, at all times relevant, the exclusive bargaining representative of certain employees of Ohio Bulk.  Defendant Ohio Bulk and Local 436 entered into a Collective Bargaining Agreement ("CBA"), effective January 1, 2002 through December 31, 2004. Ohio Bulk was obligated, under the terms of the CBA, to make monthly contributions to the Funds based upon monthly payroll reports.  Ohio Bulk was also required to submit certified contribution reports to the Funds, detailing the number of employees and their hours worked.  The Funds were authorized to demand audits of Ohio Bulk's books in order to ensure compliance, as well as the accuracy of the monthly reports and payments.

On July 19, 2001, the Funds filed a complaint against Ohio Bulk for its alleged failure to make contributions based on its certified contribution reports.  *Tiboni v. Ohio Bulk Transfer Co*., No. 1:01CV1755 (N.D. Ohio July 19, 2001). That suit was dismissed by the plaintiffs without prejudice in October of 2001.

In 2003, upon the alleged failure, once again, of Ohio Bulk to make contributions, the Funds filed another complaint for contributions.  *Tiboni v. Ohio Bulk Transfer Co.*, No. 1:03CV1225 (N.D. Ohio June 18, 2003).  The parties settled the matter, and executed a Settlement Agreement and the following Stipulation of Dismissal, dated July 31, 2003:

> Pursuant to Civil Rule 41(a)(1) of the Federal Rules of Civil Procedure, the parties hereby stipulate that the above-named action has been settled.  This matter shall be

> dismissed with prejudice as to contributions due and owing through June 2003. This court shall retain subject matter jurisdiction until such time Defendant has met its obligations under the Settlement Agreement.

An Amended Stipulation of Dismissal was signed and entered on August 5, 2003:

> Pursuant to Civil Rule 41(a)(1) of the Federal Rules of Civil Procedure, the parties hereby stipulate that the above-named action is dismissed with prejudice. This court shall retain subject matter jurisdiction until such time Defendant has met its obligations under the Settlement Agreement.

On October 28, 2005, the same Plaintiffs filed the within lawsuit against the same Defendant, seeking to conduct a payroll audit for the period from January 1, 2001 through December 31, 2004. Defendant Ohio Bulk argues that Plaintiffs' claims relating to the time period through June of 2003 are barred by *res judicata*. Plaintiffs contend that, unlike the previous litigation, this lawsuit seeks to enforce their right to audit, not to collect delinquent contributions.

## II. LAW AND ANALYSIS

### STANDARD OF REVIEW

### Motion for Summary Judgment

A summary judgment should be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to come forward with evidence showing that there is a genuine issue for trial. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

Since there is no dispute regarding the existence of the 2003 litigation, the Order entered in that case, or the Settlement Agreement that resulted, the applicability of *res judicata* to the Funds' current action to compel an audit is a pure question of law.

**Res Judicata**

Under the interrelated doctrines of *res judicata* and collateral estoppel, a final judgment on the merits of an action precludes the parties, or those in privity with them, from relitigating issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

> As this Court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. *Id.*

Furthermore, it is well-established that a voluntary dismissal with prejudice operates as a final adjudication on the merits and has a *res judicata* effect. *Warfield v. Allied Signal TBS Holdings, Inc.*, 267 F. 3d 538, 542 (6th Cir. 2001).

The Sixth Circuit has adopted the "transactional approach" to ascertaining what claims are precluded by *res judicata*. *Hapgood v. City of Warren*, 127 F. 3d 490 (6th Cir. 1997); *Restatement (Second) of Judgments* § 24 (1982). The focus is upon whether two distinct claims are logically connected; whether they involve the same parties; whether they relate to the same facts or circumstances; whether the unified treatment of the claims comports with the parties' business expectations or understandings; and whether they involve identical time periods. "Preclusion thus turns on the right to join the claim in the original action, not on whether the claim actually was asserted." *Godley v. Ameritech Corp.*, 173 F. 3d. 855, 1999 WL 196567 (6th Cir. 1999), unpublished, Case No. 97-4236.

**Application of Res Judicata to Funds' Complaint for Audit**

Federal circuits, other than our Sixth Circuit, have considered whether multi-employer trust funds are barred from auditing the payroll records of an employer for a time period that was the subject of a prior action to collect delinquent contributions.  The D.C. Circuit's decision in *I.A.M. Nat. Pension Fund v. Industrial Gear Mfg. Co.*, 723 F. 2d 944 (D.C. Cir. 1983), held that a second suit to enforce audit rights was not barred by claim preclusion. Yet, in *May v. Parker-Abbott Transfer & Storage, Inc.*, 899 F. 2d 1007 (10th Cir. 1990), the court opined: "The contract provides remedies for late contributions and provides the Fund with audit powers to ensure that contributions are accurate.  However, the existence of these two provisions within the contract does not justify two separate trips to the courtroom."  *Id.* at 1010.

Although the Plaintiff-Trustees would press for adherence to *Industrial Gear*, this Court aligns itself with the rationale in *May* for at least two reasons.  *Industrial Gear*, unlike *May*, does not invoke the "transactional approach" to *res judicata* which the Sixth Circuit favors.  Moreover, as the *May* court recognized, plaintiffs could avoid the preclusive effect of a judgment by specifically reserving the right to an audit in the negotiated terms of the settlement agreement as incorporated in the dismissal entry.

Plaintiff-Trustees, while negotiating the terms and conditions of the settlement of the 2003 litigation, did not reserve their right to demand an audit to cross-check the accuracy of the contribution amounts for the time period through June of 2003.  Yet, they acknowledged: "There are no agreements, representations, promises, warranties, covenants or undertakings other than those expressly set forth herein.  This Agreement supersedes all prior agreements and understanding between the parties with respect to its subject matter."  (Defendant's Exhibit "B").

By the same token, both the Stipulation of Dismissal (Defendant's Exhibit "C-1") and the Amended Stipulation of Dismissal (Defendant's Exhibit "C-2") recite that the Court in Case No. 1:03CV1225 "shall retain subject matter jurisdiction until such time Defendant has met its obligations under the Settlement Agreement."

Plaintiff-Trustees argue in their motion papers, though make no corresponding allegation in their Complaint, that Ohio Bulk wrongfully concealed the existence of bargaining unit employees.  Further, they assert, in accordance with *Browning v. Levy*, 283 F. 3d 761 at 770 (6th Cir. 2002), such wrongdoing negates the application of *res judicata* on equitable grounds.  Plaintiff-Trustees' position has no merit.  First, their Complaint lacks any specific averment of this claim, which is akin to fraudulent concealment and which should be stated with particularity. Second, this allegation of Ohio Bulk's conduct should be brought before Judge Polster in Case No. 1:03CV1225, who retained jurisdiction "until such time Defendant has met its obligations under the Settlement Agreement."

This Court agrees with Plaintiffs' statement at page 8 of its supporting brief: "When a case results in a stipulated dismissal with prejudice, the *res judicata* effect of that case is dependent upon the language of the stipulation and settlement agreement.  *E.g., Vogel v. City of Cincinnati*, 959 F. 2d 594, 598 (6th Cir. 1992); *May*, 899 F. 2d at 1010."  A review of the language of the 2003 Settlement Agreement, the Stipulated Dismissal, and Amended Stipulated Dismissal do not contain any provision for, nor reservation of the right to, an audit.  If Plaintiff-Trustees believe that the audit of Ohio Bulk's payroll records is essential to cross-check accuracy, then they should have availed themselves of the opportunity to draft language to protect that concern when they settled previously with Ohio Bulk.

It bears repeating – the unambiguous terms of the parties' agreement controls when assessing the application of *res judicata*. This Court concurs with the Tenth Circuit panel in *May*, 899 F. 2d at 1011: "We are not willing to supply by inference what the parties have failed to expressly provide, especially when that inference would suspend the application of this circuit's principles of res judicata."

### III. CONCLUSION

For the reasons stated above, the Motion for Summary Judgment of Defendant, Ohio Bulk Transfer Co., is granted; and Plaintiff-Trustees' claims for an audit of any of Ohio Bulk's records through June of 2003, to collect from Ohio Bulk any unpaid contributions through June of 2003, and to collect any inaccurately paid contributions by Ohio Bulk through June of 2003 are barred by the application of *res judicata*.

**IT IS SO ORDERED**.

**DATE:** __5/24/06_____

        s/Christopher A. Boyko
        **CHRISTOPHER A. BOYKO**
        **United States District Judge**
        (Signed original on file)