## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **GARY M. TIBONI, et al.,** | **CASE NO. 1:05CV2539** |
| **Plaintiffs,** | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | |
| | **OPINION AND ORDER** |
| **OHIO BULK TRANSFER CO.,** | |
| **Defendant.** | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #20) of Plaintiffs, Gary M. Tiboni, et al., for Reconsideration and Clarification of the Court's Order Granting Defendant's Partial Summary Judgment. For the following reasons, the motion is denied.

## I. BACKGROUND

On May 24, 2006, this Court entered its Opinion and Order, denying Plaintiffs' Motion for Summary Judgment. Further, this Court held Plaintiffs' claims to (1) audit any of Defendant's records through June 2003; (2) collect any unpaid contributions by Defendant through June 2003; and (3) collect any inaccurately paid contributions by Defendant through June 2003 were barred by the doctrine of *res judicata*, due to the preclusive effect of the

language of the stipulated dismissal in *Tiboni v. Ohio Bulk Transfer Co.*, No. 1:03CV1225 (N.D. Ohio June 18, 2003).

## II. LAW AND ANALYSIS

### Standard of Review

"Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003).

A voluntary dismissal with prejudice operates as a final adjudication on the merits and has a *res judicata* effect. *Warfield v. Allied Signal TBS Holdings, Inc.*, 267 F. 3d 538, 542 (6th Cir. 2001). Moreover, the preclusive effect depends upon the language of the stipulation and settlement agreement. *E.g., Vogel v. City of Cincinnati*, 959 F. 2d 594, 598 (6th Cir. 1992); *May v. Parker-Abbott Transfer & Storage, Inc.*, 899 F. 2d 1007 (10th Cir. 1990).

### Case No. 1:03CV1225

Plaintiffs chose to enter into a fully integrated settlement with prejudice in the 2003 litigation before Judge Dan Polster, without reserving to themselves the right to demand an audit of Ohio Bulk's contribution amounts for the time period through June of 2003. The unambiguous terms of the Settlement Agreement and Stipulation of Dismissal control when applying the doctrine of *res judicata*; and this Court will not "supply by inference what the parties have failed to expressly provide." *May*, 899 F. 2d at 1011.

In rendering its original decision in this matter, the Court did not misconstrue the

applicable law.  The Court fully considered  -- and did not disregard  –  any of the arguments or evidence presented.  Plaintiffs have provided no new, relevant decisions warranting a re-opening of the issues.

### III. CONCLUSION

For the reasons outlined above, Plaintiffs' Motion for Reconsideration and Clarification is denied, and this Court reaffirms its previous ruling:  granting the Motion of Defendant, Ohio Bulk Transfer Co. for Summary Judgment; denying the Motion of Plaintiffs, Gary M. Tiboni, et al., for Summary Judgment; and holding Plaintiffs' claims to (1) audit any of Defendant's records through June 2003; (2) collect any unpaid contributions by Defendant through June 2003; and (3) collect any inaccurately paid contributions by Defendant through June 2003, to be barred by the doctrine of *res judicata*.

**IT IS SO ORDERED**.

**DATE:  09/14/06**

s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**